IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. MAHER and<br>JULI' A. D'ANCONA-MAHER | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-2979 |
| | : | |
| JEFFREY RENNINGER, et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**

**May 6, 2008**

Defendants Officer Jeffrey Renninger, Chief of Police Allen W. Stiles, and the Township of Salisbury ask me to dismiss this case because qualified immunity protects the officers and no federal or constitutional violation occurred.  Defendant Magisterial District Judge Karen C. Devine asks for dismissal because judicial immunity bars this suit.  Plaintiffs Joseph P. Maher and Juli' A. D'Ancona Maher argue the Complaint sufficiently alleges constitutional deprivations and, at a minimum, raises issues overcoming qualified and judicial immunity.  Because qualified and judicial immunity apply, I will grant the Defendants' motions and dismiss this case.

**FACTS**[1]

The Mahers' lawsuit arises from the events surrounding Joseph Maher's arrest on July 19, 2005, for alleged simple assault and harassment of his wife, Juli A. D'Ancona-Maher.  Mr. Maher, a licensed Pennsylvania attorney, alleges he was arrested and issued a no-contact order from his wife solely because he ran for Magisterial District Judge against Magisterial District Anthony G. Judge Rapp, a non attorney, on a platform only licensed attorneys should serve.

---

[1] I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to the Mahers. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).

The Complaint, however, alleges the following events also surrounded his arrest and no-contact provision. Around 2:30 a.m. on July 16, 2005, the Mahers had a "verbal discussion" outside their home. Compl. ¶ 12. Mr. Maher drove away from the residence, inadvertently locking Ms. Maher out. The Mahers allege Ms. Maher had to break into the home through the front door, scratching and bruising only her neck in the process. Around 3:00 am, Officer Renninger arrived responding to an unidentified telephone call of the "verbal discussion" outside the home. Officer Renninger inspected the home, interviewed Ms. Maher, and took pictures of her scratched and bruised neck, her only injuries. Officer Renninger informed Ms. Maher he was related to Magisterial District Judge Rapp. He then stated he would have arrested Mr. Maher for domestic violence if Mr. Maher had been present.

Three days later on July 19, 2005 around 7:30 pm, Officer Sabo arrived at the Mahers' home with an arrest warrant for Mr. Maher signed by Judge Rapp. Officer Sabo, however, neither informed Mr. Maher of the charges, nor his Miranda rights. Mr. Maher was handcuffed and brought to the Allentown police station, where he was booked and given a copy of his charges: simple assault and harassment.

The police drove a handcuffed Mr. Maher to night court, where Magisterial District Judge Karen C. Devine presided that evening. Mr. Maher plead not guilty and then "attempted to explain who he was and the fact his wife [w]as apparently being kept out of the courtroom." Compl. ¶ 28. Judge Devine responded she knew Mr. Maher. Mr. Maher then argued the Affidavit of Probable Cause was one of the worst he had ever seen and reminded the judge of his long-standing practice with the bar.

Judge Devine ordered a straight cash bail of $5,000, a no-contact provision, and a night in

2

jail, so he could "cool off." Compl. ¶ 30.  After being reminded of the three-and-a-half day lapse between the incident and arrest, Judge Devine gave him "a minimum bail" but retained the "cooling off period." *Id.*  Ms. Maher contacted a bail bondsman for bail.  Judge Devine then "attempt[ed to] dissuade" the bail bondsman from bailing out Mr. Maher, but she eventually signed the release.  Mr. Maher was released at 12:45 a.m. on July 20, 2005, but the no-contact provision left him with nowhere to go.

Later that morning, the Mahers separately went to the District Attorney's office and the Lehigh County Court to modify the no-contact provision.  The District Attorney's office verbally agreed the no-contact provision would be lifted pending formal order of the Court of Common Pleas of Lehigh County.  Judge Rapp recused himself from any further involvement with this case, and the case was assigned to Magisterial District Judge Charles Crawford.  At the preliminary hearing on December 8, 2005, the Commonwealth withdrew all charges.

The Mahers allege the Salisbury Township Police have a "policy or custom of abusing citizens for their own ends." Compl. ¶ 37.   They also allege Officer Renninger more recently violated Mr. Maher's Section 1983 rights by intimidating Ms. Maher into filing a Protection From Abuse complaint in October 2006.

## DISCUSSION

A 12(b)(6) motion to dismiss admits the complaint's well pleaded allegations, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *T.R. Ashe, Inc. v. Bolus,* 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999).  The complaint and every doubt is resolved in the plaintiff's favor. *In re Arthur Treacher's Franchise Litigation*, 92 F.R.D. 398, 422 (E.D. Pa. 1981).  The court must accept the complaint's factual allegations as true,

as well as all its reasonable inferences. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "[A] case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Only the complaint's allegations, matters of public record, orders, and exhibits attached to the complaint are considered. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990).

When evaluating a pre-discovery qualified immunity motion, the Third Circuit requires courts to first evaluate the complaint's sufficiency as to constitutional or federal violations. *Doe v. Delie*, 257 F.3d 309, 314-15 (3d Cir. 2001) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)). Then, courts must decide whether the right allegedly violated was a "clearly established one, about which a reasonable person would have known." *Id.* at 315. Failure to satisfy either evaluation results in qualified immunity for the defendants, and the case is dismissed. *Id.* Determining "this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

Defendants are entitled to qualified immunity when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 (3d Cir. 2001) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Defendants are entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed" to arrest Mr. Maher "in light of clearly established law and the information the [arresting] officers possessed." *Blaylock v. City of Philadelphia*, 504 F.3d 405, 411

4

(3d Cir. 2007)(citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)).  Defendants satisfy this objective test by demonstrating their conduct did not violate any clearly established constitutional rights at the time. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Whetzel*, 256 F.3d at 142 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The Mahers' Complaint reveals no constitutional or federal violations.  It alleges Officer Renninger and Chief Stiles violated Section 1983, falsely arrested Mr. Maher, maliciously prosecuted Mr. Maher, and abused the process because Mr. Maher was eventually arrested for assaulting and harassing his wife.   To state a Section 1983 claim,[2] Mr. Maher must allege he was deprived of constitutionally protected rights by individual/individuals acting under "color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citations omitted).

The Mahers allege Mr. Maher was arrested because he exercised his First Amendment right by running against Officer Renninger's cousin, Judge Rapp, in the prior election, and by speaking against non attorneys, such as Judge Rapp, holding that position.  The Court is required to take this allegation as true, but it also required to take the Complaint's other allegations as true, including: the 2:30 a.m. "verbal discussion" outside the Mahers' residence; the call to the police regarding the disturbance; Ms. Maher's bruises and scratches only around her neck; and Officer Renninger's

---

[2] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

5

observations and photographs of her bruises and scratches. Pennsylvania law authorizes police officers to arrest individuals charged with simple assault of their spouses upon a showing of probable cause. 18 Pa.C.S. § 2711(a). Officers do not need to observe the attack, but must have witnessed "recent physical injury to the victim or other corroborative evidence." *Id.*; *Cronin v. West Whiteland Tp.*, 994 F. Supp. 595, 600 (E.D. Pa. 1998). The Complaint's allegations demonstrate probable cause existed for Officer Renninger to initiate and supplement in an affidavit of probable cause leading to Mr. Maher's arrest for simple assault of his wife, Ms. Maher. Therefore, the Complaint has failed to allege a federal or constitutional violation.

Even if the Mahers' Complaint had asserted a federal or constitutional violation, Officer Renninger and Chief Stiles would be entitled to qualified immunity because they did not violate any clearly established constitutional or federal rights. The Complaint's allegations demonstrate a reasonable officer would have had probable cause to believe Mr. Maher committed simple assault or harassed his wife, investigate further, and provide these statements for an affidavit of probable cause. *Blaylock*, 504 F.3d at 411 (finding qualified immunity applies "if a reasonable officer could have believed that probable cause existed" to arrest"in light of clearly established law and the information the [arresting] officers possessed."). Officer Renninger arrived at the Mahers' home around 3:00 a.m. shortly after receiving a phone call regarding the Mahers' 2:30 am "verbal discussion." He then saw and photographed Ms. Maher's bruises and scratches around her neck. Based on the phone call, the 2:30 am verbal discussion, the bruises and scratches around her neck, and the absence of Mr. Maher, it was not a clear violation of any established right for Officer Renninger to believe Mr. Maher assaulted Ms. Maher and provide this information for the affidavit

6

of probable cause for Mr. Maher's arrest warrant.[3]  It was also reasonable, and not a clear violation of any established right, for Officer Renninger to doubt Ms. Maher received the recent bruises and scratches around her neck by breaking into her home because Mr. Maher had inadvertently locked her out.  Based on these observations, it was also not a clear violation of any established right for Officer Renninger to encourage Ms. Maher to file a protection from abuse order in 2006.

Mr. Maher argues Ms. Maher's explanation for her bruises, the three-and-a-half day lapse between the incident and arrest, the fact no police officer interviewed him, and the need to evaluate the officer's state of mind defeat the qualified immunity defense.  The Mahers incorrectly rely on *Russoli v. Salisbury Township*, 126 F. Supp. 2d. 821, 868 (E.D. Pa. 2001).  In *Russoli*, the Court partially denied the summary judgment motion for qualified immunity, but it also partially granted the summary judgment motion based on qualified immunity.  *Id.*  It held the officers were entitled to qualified immunity on some counts, but issues of fact remained as to the reasonableness of their warrantless arrest of the Russolis.  Here, according to the Complaint's allegations, a reasonable officer, reasonably believing Mr. Maher committed simple assault or harassed his wife, would commence an investigation, and provide this information for an affidavit of probable cause.  Unlike *Russoli*, the Complaint's plain allegations provide Officer Renninger and Chief Stiles with qualified immunity.

The claim against Defendant Salisbury Township is also dismissed because the Mahers have failed to allege any constitutional or federal deprivation.  *Brown v. Comm. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2003); *Grazier ex rel. White v. City of Philadelphia* 328 F.3d 120, 124 (3d Cir. 2003) (finding municipal liability only exists when

---

[3] Officer Sabo was the arresting officer, but not one of the Defendants.

municipal action actually caused plaintiff's injury).[4]   A township may be liable for federal or constitutional violation under § 1983 "only for acts implementing an official policy, practice or custom of the municipality." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-691 (1978).   A plaintiff must identify the challenged policy, pattern or practice, attribute it to the municipality, and demonstrate its application caused the plaintiff's injury. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir.1984); *Russoli,* 126 F. Supp. 2d at 839.   Because the Complaint has not alleged any constitutional deprivations or injury, it consequently fails to allege a defective policy, training, or supervision. *Cronin,* 994 F. Supp. at 599 n.7 (dismissing *Monell* claim against township because no constitutional violation existed).   The Mahers' claims against the Township of Salisbury, thus, are also dismissed.

Judicial officers, including municipal court judges, have absolute immunity from suit. *Figueroa v. Blackburn*, 208 F.3d 435, 438 (3d Cir.2000); *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Ray v. Township Of Warren*, 2008 WL 111265, at * 2 (D.N.J. Jan. 10, 2008). Immunity withstands actions done erroneously, maliciously, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).   Immunity, however, excludes "nonjudicial acts" and actions made without any jurisdiction. *Id.*   Determining whether an act is nonjudicial requires evaluating: "the nature of the act" and "whether it is a function normally performed by a judge." *Id.*

---

[4] Mr. Maher's case like *Brown* and *Grazier* are distinct from *Fagan v. City of Vineland*, 22 F.3d 1283, 1291-94 (3d Cir.1994). In *Fagan*, the Third Circuit held the municipality could remain liable absent an immune officer if he/she "is merely the conduit for causing constitutional harm." *Grazier*, 328 F.3d at 124 n.5 (citing *Fagan*, 22 F.3d at 1292). Mr. Maher alleges the Township of Salisbury is liable for implementing a policy or practice causing officers to commit constitutional or federal violations.   Because the Complaint failed to allege any constitutional or federal violation, the Township of Salisbury cannot be held liable. *Id.*

8

Plaintiffs concede judicial immunity applies to all of the claims except for the Section 1983 claim and the loss of consortium.  Plaintiffs argue Judge Devine's "attempt to dissuade the bail bondsman from bailing [Mr. Maher] out of prison" was nonjudicial and without jurisdiction.  Judge Devine, however, ultimately signed the release papers and released Mr. Maher.  Discussing the bail and signing the release papers are judicial acts and within Judge Devine's jurisdiction.  These two remaining charges are also dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. MAHER and | : | CIVIL ACTION |
| JULI' A. D'ANCONA-MAHER | : | |
| | : | |
| v. | : | NO. 07-2979 |
| | : | |
| JEFFREY RENNINGER, et al. | : | |

## ORDER

AND NOW, this 6th day of May, 2008, Defendants Jeffrey Renninger's, Chief of Police Allen

W. Stiles's, and the Township of Salisbury's 12(b)(6) Motion to Dismiss (Document 11) and

Defendant the Honorable Karen C. Devine's 12(b)(6) Motion to Dismiss (Document 10) are both

GRANTED.

The Clerk of Court is directed to mark the above-captioned case CLOSED.

BY THE COURT:

Juan R. Sánchez, J.